IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3050-FL

| | | |
|---|---|---|
| COLTON RICKELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN D. LEU, T. KILPATRICK, | ) | |
| D. DAVIS, and BOBBY MCCLURE | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and on plaintiff's motions to appoint counsel (DE 15) and amend (DE 17).

**BACKGROUND**

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint on February 12, 2021, asserting claims for violations of his civil rights pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Plaintiff alleges defendants violated his rights under the Eighth Amendment to the United States Constitution by failing to provide him a gluten-free diet. On August 26, 2021, the court conducted its initial review of plaintiff's complaint and directed plaintiff to file amended, particularized complaint. Plaintiff timely filed the amended complaint on November 8, 2021. On February 14, 2022, plaintiff filed the instant motion to appoint counsel. On July 8, 2022, plaintiff filed the instant motion to amend the complaint.

# COURT'S DISCUSSION

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied.

Plaintiff's motion to amend the complaint is granted as a matter of course. See Fed. R. Civ. P. 15(a)(1), (d). Accordingly, in conducting the initial review of this action set forth below, the court addresses the claims in plaintiff's first amended complaint (DE 14) and the instant motion to amend (DE 17).

The court now turns to the initial review. Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Plaintiff's primary claim in the first amended complaint is that defendants were deliberately indifferent to his serious medical needs by failing to provide a gluten-free diet. Solely for purposes of the instant frivolity review, the court will assume without deciding that plaintiff's Eighth Amendment claim is cognizable under the framework set forth in Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) and related case law. But see Egbert v. Boule, 142 S. Ct. 1793 (2022) (substantially restricting extension of the Bivens remedy to any new contexts).

Prison officials' deliberate indifference to an inmate's serious medical needs "constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014); Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016). In order to state a claim, the inmate must allege a serious medical need or other objectively unconstitutional condition of confinement, and prison officials' deliberate indifference to same. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). With respect to the second component, the deliberate indifference standard requires "that a prison official know of and disregard the objectively serious

condition, medical need, or risk of harm." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); see Farmer v. Brennan, 511 U.S. 825, 837 (1994). An inmate therefore must establish the prison official's "actual subjective knowledge of both the . . . serious . . . condition and the excessive risk posed by the official's action or inaction." Jackson, 775 F.3d at 178 (citing Farmer, 511 U.S. at 837–39).

Plaintiff has not alleged deliberate indifference under the foregoing standard. Plaintiff's conclusory assertions that defendants were aware of and ignored his gluten allergy are insufficient to plead deliberate indifference. See Iqbal, 556 U.S. at 678 (holding "naked assertions devoid of further factual enhancement" are insufficient to state a claim). The amended complaint offers no specific allegations establishing that defendants were aware that providing plaintiff food items containing gluten would cause a substantial risk of serious medical harm. See Jackson, 775 F.3d at 178; see also Shakka, 71 F.3d at 166. Plaintiff also fails to allege that defendants were personally responsible for the denial of his gluten-free diet. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Instead, the amended complaint alleges that other inmates were responsible for preparing his food. (See DE 14 ¶ V). Accordingly, plaintiff has not alleged sufficient facts to state a claim for deliberate indifference.

The court next turns to the claims in plaintiff's motion to amend the complaint (DE 17). To the extent plaintiff is attempting to bring Eighth Amendment claims premised on defendants' alleged failure to provide gluten-free meals, the claim is without merit for the same reasons set forth above. In addition, plaintiff's First Amendment retaliation claim is not a cognizable cause

4

of action under Bivens. See Egbert, 142 S. Ct. at 1807 ("We . . . conclude that there is no Bivens cause of action for Boule's First Amendment retaliation claim."). The claim that defendant Mr. Stroots refused to provide plaintiff access to his legal paperwork fails to allege sufficient facts to state a claim for denial of access to the courts. See Christopher v Harbury, 536 U.S. 403, 414–16 (2002) (requiring plaintiff to allege an underlying cause of action and its lost remedy to state a claim for denial of access to the courts); Lewis v. Casey, 518 U.S. 343, 351–55 (1996). The allegations that defendant lieutenant Grecco refused to speak with plaintiff about the foregoing issues and that defendant FNU Davis verbally threatened him also do not state a claim of constitutional dimension under Bivens. See Egbert, 142 S. Ct. at 1802; Carter v. Morris, 164 F.3d 215, 219 n.3 (4th Cir. 1999) (stating verbal harassment does not rise to the level of a constitutional violation).

The court also will dismiss this action with prejudice. See Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018) (explaining nature of dismissal is a matter of discretion for the district court). As noted above, the court previously explained the deficiencies in plaintiff's original complaint and allowed him to file amended complaint particularizing his claims. (DE 10). But neither plaintiff's amended complaint nor the motion to amend correct the deficiencies identified in the August 26, 2021, order. The court will not allow further amendment of the complaint in these circumstances. See Harvey v. Cable News Network, Inc., __ F.4th __, 2022 WL 4006939, at *6 (4th Cir. 2022) ("Where a plaintiff fails to state a claim in his amended complaint after having been advised with specificity of the legal deficiencies in the initial complaint, dismissal with prejudice is appropriate.") (quotations omitted).

## CONCLUSION

Based on the foregoing, plaintiff's motions to appoint counsel (DE 15) is DENIED and his motion to amend the complaint (DE 17) is GRANTED. Plaintiff's claims, however, are DISMISSED with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to close this case. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

SO ORDERED, this the 14th day of September, 2022.

LOUISE W. FLANAGAN  
United States District Judge